UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
HERMAN CARLEE McMILLIAN,

               Plaintiff,

    - against -

JOSEPH NOETH *et al.*,

               Defendants.
----------------------------------------------------x

**ORDER**
19-CV-3138 (PKC) (RLM)

PAMELA K. CHEN, United States District Judge:

Plaintiff Herman Carlee McMillian ("Plaintiff"), who is currently incarcerated at the Attica Correctional Facility in Attica, New York, has filed numerous *pro se* actions in this district. By order dated May 20, 2005, the Honorable John Gleeson barred Plaintiff from filing any *in forma pauperis* ("IFP") complaint without first obtaining leave to do so. *McMillian v. Dewell*, No. 06-CV-0327 (JG), 2006 WL 1027112, at *1 (E.D.N.Y. Feb. 6, 2006). Subsequently, on September 1, 2005, Judge Gleeson determined that—under the "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g)—Plaintiff would be barred from filing any future IFP complaint unless he could demonstrate that he was in imminent danger of serious physical injury. *See In re Request for Leave to File*, No. 05-MC-197, slip op. (E.D.N.Y. Sept. 1, 2005).

Plaintiff commenced the instant action on July 29, 2019. In addition to the complaint, Plaintiff filed a motion for leave to file and a request to proceed IFP, along with a prisoner authorization form permitting the withdrawal of the filing fee from Plaintiff's prison trust account. (Dkt. 2, at 3.) Plaintiff alleges that he is in immediate danger of serious physical injury. (*See*

1

Complaint ("Compl."), Dkt. 1, at ECF[1] 19.) Although Plaintiff's submissions are far from a model of clarity, Plaintiff appears to allege that, after he refused to attend a mental health appointment, he was "locked up" up for thirty days and denied meals. (*See* Compl., Dkt. 1, at ECF 6–7.)

The Court concludes that this action should be transferred to the U.S. District Court for the Western District of New York. According to the federal venue statute, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim accrued, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

"Under 28 U.S.C. § 1406(a), district courts are instructed to dismiss an action brought in the wrong venue 'or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'" *Gonzalez v. Hasty*, 651 F.3d 318, 324 (2d Cir. 2011). Applying this standard, the Court notes that the only defendants Plaintiff names in his complaint are officials at the Attica Correctional Facility (Compl., Dkt. 1, at ECF 2) and Plaintiff plainly states that the events giving rise to his claim occurred "at Attica Correctional Facility on the 25[th] of June and the 26[th]" (*id.* at ECF 3). Because the Attica Correctional Facility is located in Wyoming County, New York, the Court determines that the Western District of New York is the proper venue for this case. *See* 28 U.S.C. § 112(d) ("The Western District [of New York] comprises the counties of Allegany, Cattaraugus, Chautauqua, Chemung, Erie, Genesee,

---

[1] "ECF" refers to the "Page ID" number generated by the Court's CM/ECF docketing system and not the document's internal pagination.

Livingston, Monroe, Niagara, Ontario, Orleans, Schuyler, Seneca, Steuben, Wayne, Wyoming, and Yates.").

For the reasons set forth above, the Clerk of Court is respectfully directed to transfer this case to the U.S. District Court for the Western District of New York. A ruling on Plaintiff's applications for leave to file and to proceed IFP are reserved for the transferee court. The provision of Rule 83.1 of the Local Rules of the Eastern District of New York, which requires a seven-day stay of any order transferring venue, is waived.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 14, 2019
       Brooklyn, New York